**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas B Schaults CQV Trust,<br><br>Plaintiff,<br><br>v.<br><br>LoanDepot Company LLC, et al.,<br><br>Defendants. | No. CV-23-00091-PHX-DJH<br><br>**ORDER** |

Pending before the Court is *Pro Se* Thomas B Schaults CQV Trust's ("Plaintiff") Complaint and Petition for Emergency Restraining or Injunction to Terminate Unlawful Foreclosure Sale—Enforcement of Federal Arbitration Act Arbitration Award (Doc. 1), which the Court will construe as a Motion for a Temporary Restraining Order ("TRO") to cease a foreclosure sale. The Court will begin with Plaintiff's Complaint and then consider the TRO.

**I.     Plaintiff's Complaint**

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement."  *Twombly*, 550 U.S. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*."  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's Complaint does not satisfy the federal pleading requirements.[1]  Even construing this *pro se* Complaint liberally, as the Court must, the Court finds that Plaintiff has failed to state a plausible claim for relief.  This is because Plaintiff's Complaint is neither short nor plain.  *See* Fed. R. Civ. P. 8(a).  It does not specify the relief requested nor does it provide sufficient information from which the Court can determine its subject matter jurisdiction.  Plaintiff alleges that "an unlawful foreclosure auction" will "cause irreparable harm" but does not mention what this alleged harm will be, when it will occur, or the alleged conduct of each named defendant.  (Doc. 1 at 1).  As best the Court can decipher, it appears Plaintiff may have defaulted on a loan from LoanDepot Company LLC, and the parties may have resolved some of their issues already through an arbitrator.  But at this point, the Court is left to speculate given the lack of facts presented in the Complaint and its confusing composition.  (*Id.* at 4–5).  Plaintiff also references several exhibits throughout his pleading but has not attached them.  Presumably, these exhibits may have

---

[1] Also problematic is that Plaintiff represents himself as the individual Plaintiff in the Complaint, despite that the trust is the captioned plaintiff. (Doc. 1 at 1).  It is well established, however, that a lay person may not represent a trust. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself").

aided the Court in determining the property at issue, what agreements exists between the parties, and/or whether the Defendants are subject to terms of an arbitration order. But the complete lack of factual clarity renders the Complaint deficient, even under the lenient standards of Rule 8. *Twombly*, 550 U.S. at 557.

## II.  Temporary Restraining Order

The standards governing temporary restraining orders and preliminary injunctions are "substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (citation omitted). Preliminary injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief were denied, (3) that the equities weigh in the plaintiff's favor, and (4) that the public interest favors injunctive relief. *Id.* at 20. The movant carries the burden of proof on each element of the test. *See Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

Here, Plaintiff's Motion fails to discuss the relevant *Winter* elements and therefore the Court will deny Plaintiff's Motion for a Preliminary Injunction. Plaintiff appears to allege that "an unlawful foreclosure auction" will "cause irreparable harm" but does not mention what this alleged harm will be, when it will happen, or the alleged conduct of each named defendant. (Doc. 1 at 1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Emergency Restraining or Injunction to Terminate Unlawful Foreclosure Sale—Enforcement of Federal Arbitration Act Arbitration Award (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice**.

**IT IS FINALLY ORDERED** that this action shall be dismissed without further notice to Plaintiff if he fails to file an amended complaint in accordance with the

1 | requirements of Rule 8 **on or before February 3, 2023**.

Dated this 20th day of January, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge