**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas B Schaults CQV Trust, | No. CV-23-00091-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| LoanDepot Company LLC, et al., | |
| Defendants. | |

*Pro Se* Plaintiff Thomas Bradford[1] has filed an Amended Complaint which also purports to be his Motion for Injunctive Relief or Restraining Order ("TRO") (Doc. 10). Plaintiff again asks the Court to issue a TRO before February 7, 2023. (*Id.* at 2). The Court will once again deny his Motion.

**I.   Background**

Plaintiff originally filed a Complaint and a Petition for Emergency Restraining or Injunction to Terminate Unlawful Foreclosure Sale—Enforcement of Federal Arbitration Act Arbitration Award (Doc. 1), which the Court construed as a Motion for a TRO. The Court dismissed Plaintiff's Complaint because it did not meet the federal pleading requirements under Rule 8(a). (Doc. 6 at 2). His Complaint did "not specify the relief requested nor [] provide sufficient information from which the Court [could] determine its subject matter jurisdiction." (*Id.*) The Court also denied Plaintiff's TRO Motion because he failed to discuss how the standards governing temporary restraining orders applied to

---

[1] Plaintiff Bradford files his Amended Complaint on behalf of Thomas B Schaults CQV Trust, who apparently are one in the same.

his circumstances. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Three days later, Plaintiff filed an *ex parte* Motion for TRO, but he failed to file an amended complaint. (Doc. 7). So, the Court denied Plaintiff's Motion. (Doc. 8). Plaintiff then filed an Amended Complaint without filing a separate Motion for TRO as required by Rule 65. *See* Fed. R. Civ. P. 65(b)(1)(A). The Court will nonetheless construe the Amended Complaint, the request for TRO made therein, and the accompanying documents as having met Rule 65(b)'s requirements. But, once again the Court will dismiss Plaintiff's Amended Complaint and deny his Motion for TRO for similar reasons as before.

To avoid further deficiencies, the Court notes there are examples of different types of complaints in the Federal Rules of Civil Procedure's appendix of forms (forms 11–21).[2] The Court also recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[3]

## II. Discussion

Plaintiff now seeks (1) a TRO to stop the "unlawful foreclosure auction," which he alleges will occur on February 7, 2023; and (2) enforcement of Arbitration Award. (Doc. 2). As an initial matter, Plaintiff fails to provide sufficient information from which the Court can determine its subject matter jurisdiction. Even if the Court has jurisdiction, Plaintiff's Amended Complaint and Motion are flawed under Rule 8 and fail to explain how the standards for a TRO apply to him. *See* Fed. R. Civ. P. 8(a); *Winter*, 555 U.S. at 24.

### A. Subject Matter Jurisdiction – Whether the Court Has Authority to Hear the Matter

The Federal Arbitration Act ("FAA") authorizes a party to petition a federal court for various forms of relief. But the FAA's authorization does not itself create subject matter jurisdiction. Rather, the federal court must have an "independent jurisdictional basis" to

---

[2] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[3] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

resolve the matter. 9 U.S.C. §§1–16; *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022). Two primary sources of federal court jurisdiction exist: 28 U.S.C. § 1331, federal question or "arising under" jurisdiction; and 28 U.S.C. § 1332, diversity jurisdiction.

In this case, Plaintiff alleges the Court has subject matter jurisdiction because there is complete diversity of citizenship between the parties. (Doc. 10 at 2–3). He alleges diversity jurisdiction exists because the "holder" of the debt in question is domiciled in New York, he is a citizen of a foreign country, and that the amount in controversy exceeds $75,000. (Docs. 2; 10). Notwithstanding these allegations, the Court is unpersuaded that it has subject matter jurisdiction because Plaintiff's Amended Complaint does not discuss the citizenship status of Defendant's LLC members.

28 U.S.C. § 1332(a)(1) grants federal courts diversity jurisdiction in cases between "citizens of different States." For complete diversity of citizenship to exist under 28 U.S.C. § 1332(a), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016) (citation omitted).

Relevant here is the citizenship of Defendant LoanDepot LLC's members. A limited liability company "is a citizen of every state of which its owners/members are citizens," not the state in which it was formed or does business. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's Amended Complaint asserts diversity jurisdiction under 28 U.S.C. § 1332 but neither alleges the citizenship of LoanDepot's members nor confirms that none of them are Arizona citizens. *See Weeping Hollow Ave. Tr.*, 831 F.3d at 1112 (a federal court may exercise diversity jurisdiction "only if there is no plaintiff and no defendant who are citizens of the same State"). Plaintiff states that the "'holder' of the debt in question is domiciled in New York." (Doc. 10 at 2). As alleged, Plaintiff's Amended Complaint is silent on the citizenship of LoanDepot LLC's members. He thus fails to meet his burden to show that the Court has subject matter

jurisdiction.

The Court orders Plaintiff to establish, by affidavit, the citizenship of LoanDepot's members to this action for diversity purposes. Plaintiff shall file his affidavit regarding the citizenship of LoanDepot LLC's members on or before **February 17, 2023**. If the Court determines that it possesses subject matter jurisdiction upon review of Plaintiff's affidavit, the action may proceed. In the absence of such jurisdiction, however, the Court will dismiss the action without prejudice.

### B. Plaintiff's Amended Complaint and TRO request

Plaintiff's Amended Complaint does not satisfy the federal pleading requirements because it is neither short nor plain. *See* Fed. R. Civ. P. 8(a). Even construing this *pro se* Amended Complaint liberally, the Court finds that Plaintiff has failed to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (while Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.").

As to Plaintiff's request for a TRO, it remains unclear from Plaintiff's Amended Complaint what irreparable harm will occur. He alleges "the injury is scheduled to occur on February 7, 2023; yet has caused injury already in time and expense to file this case; pay process servers, hire a professional investigator[,] review hundreds of court rules and proceedures [sic] and spend all available time in research and writing court documents and organizing exhibits etc.,[.]" (Doc. 10 at 2). Plaintiff describes injuries related to the filing of his Complaint and Motions but not as to what harm will occur on February 7, 2023. It also remains unclear to the Court whether Plaintiff's TRO request is with or without notice to the Defendants.[4] If without notice, Plaintiff has failed to explain the reason *ex parte* relief is required.

Injunctive relief is an extraordinary remedy, and Plaintiff bears a high burden to prove injunctive relief is warranted. *Winter*, 555 U.S. at 24. "A plaintiff seeking a

---

[4] Plaintiff filed his prior TRO request as *ex parte* relief (Doc. 7) and the Court presumes this request is *ex parte* as well, although he does not explicitly request *ex parte* relief in his Amended Complaint.

preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction."). To warrant such relief, Plaintiff must clearly explain how Defendant's alleged actions will cause him immediate and irreparable injury, and why his claims are likely to succeed, among the other requirements of the *Winter* factors. Plaintiff failed to do so here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (Doc. 10) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for TRO is **denied**.

**IT IS FINALLY ORDERED** that Plaintiff shall file his affidavit regarding the citizenship of LoanDepot LLC's members on or before **February 17, 2023,** so the Court may determine whether it has subject matter jurisdiction over this matter. If Plaintiff fails to file an affidavit by said date, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 3rd day of February, 2023.

Honorable Diane J. Humetewa
United States District Judge