# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas B Schaults,<br><br>    Plaintiff,<br><br>v.<br><br>LoanDepot Company LLC, et al.,<br><br>    Defendants. | No. CV-23-00091-PHX-DJH<br><br>**ORDER** |

    *Pro se* Plaintiff Thomas B Schaults CQV Trust ("Plaintiff") has filed a Response (Doc. 27) to the Court's prior Order demanding he show cause in writing why this matter should not be dismissed for failure to serve Defendants FNMA, Ginnie Mae, and LoanDepot LLC ("Defendants"). (Doc. 26). The Court noted that Plaintiff could either demonstrate how service had been made in accordance with the Federal Rules of Civil Procedure or request an extension of the deadline to properly serve Defendants. *See* Fed. R. Civ. P. 4(m). (*Id.*) The Court stated that if Plaintiff failed to show cause by July 13, 2023, the matter would be terminated without further Order from the Court. (*Id.*)

    Plaintiff's Response contains eight Proof of Service documents. (Doc. 27 at 27–37). In his Proof of Service documents to Defendants,[1] the documents served include: AO 440 Summons in a Civil Action; Complaint TBS: Emergency Restraining or Injunction To Terminate Unlawful Foreclosure Sale-Enforcement of Federal Arbitration Award, Proposed Order, Letter dated March 1, 2023 re: Notice of Excess Proceeds to

---

[1] Plaintiff also appeared to serve non-party U.S. Attorney. (Doc. 27 at 31).

Trustor; Response to Judges Orders dated 5/10/23; JS-44 Civil Cover Sheet; Emergency Restraining or Injunction to Terminate Unlawful Foreclosures Sale-Enforcement of Federal Arbitration Act Arbitration Award; Exhibits/Evidence, Order dated February 23, 2023. (Doc. 27 at 31-35).

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* At minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991). The good cause exception applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (internal citation omitted). *Pro se* litigants must follow the same rules of procedure that attorneys follow. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff bears the burden of proving good cause to extend the time to serve. Fed. R. Civ. P. 4(m).

Here, none of the Proof of Service documents Plaintiff served included Plaintiff's operative complaint—that is, his Second Amended Complaint (Doc. 17). This Court repeatedly reminded Plaintiff of his duty to timely serve the Defendants in this matter. (Docs. 19; 26). Plaintiff has failed to do so, and he has not met his burden of proving good cause to extend the time to serve. *See Townsel v. Contra Costa*, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m)). The Court must therefore dismiss the action as to all Defendants.

Accordingly,

/ / /

/ / /

/ / /

**IT IS HEREBY ORDERED** that this action is dismissed as to all Defendants. The Clerk of the Court shall terminate this matter.

Dated this 21st day of July, 2023.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge